**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOHN K. DENNIS, | Civil Action No. 22-615 (KM) (LDW) |
| Plaintiff, | |
| v. | |
| OSCAR AVILES, et al., | **OPINION** |
| Defendants. | |

**KEVIN MCNULTY, U.S.D.J.**

Pro se Plaintiff John K. Dennis, a pre-trial detainee at Hudson County Jail (the "Jail"), seeks to pursue a civil rights claim for deliberate indifference to a serious medical need against Jail Director Oscar Aviles and "Nurse Wint." (DE 1.)  Plaintiff seeks to proceed *in forma pauperis.* (DE 1-1.) Plaintiff having demonstrated financial need, I will grant IFP status and screen the complaint pursuant to 28 U.S.C. § 1915(e)(2). After screening, I will dismiss the complaint without prejudice.

**I.     BACKGROUND**

For screening purposes, I accept the Complaint's allegations as true. That said, there are few facts asserted in the Complaint itself. Plaintiff alleges that he "submitted several request[s] for medical assistance" and "mental health issues." (DE 1 at 5.) Plaintiff also alleges that Director Aviles "allowed and accepted" new detainees, including Plaintiff, to enter the Jail despite an ongoing "outbreak," presumably referring to COVID-19. (*Id.*) Plaintiff alleges that he complained to Nurse Wint "numerous times about [his] pain and breathing problems but to [no] avail." (*Id.*)

Two other documents add detail. The first is an "inmate request form" dated January 6, 2021 identifying itself as Plaintiff's second request for his "asthma pump at night and at different time[s] of the day[.]" (DE 1-1 at 5.) [1] The second is a letter dated March 14, 2022, about a month after the Complaint, alleging that he had complained about "severe pain…the wors[t] headache," that his breathing had not returned to normal, and that he had not seen a doctor since December

---

[1] The inmate request form is dated January 202**1** but, based on his stated admission date, likely intended to list 202**2**.

18, 2021.[2] (DE 2.) Plaintiff appears, in other words, to be claiming deliberate indifference to medical needs.

## II.    DISCUSSION

### A.    Legal standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must review complaints in those civil actions in which a plaintiff is proceeding IFP. *See* 28 U.S.C. § 1915(e)(2)(B). The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). To survive the court's screening for failure to state a claim, the complaint must allege 'sufficient factual matter' to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting Iqbal, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Pro se pleadings, as always, will be liberally construed. *See Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of constitutional rights. Section 1983 provides in relevant part:

---

[2] It is unclear whether Plaintiff is claiming that he could not see *any* medical professional, or just a doctor. Apparently, he has seen Nurse Wint.

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. Deliberate indifference claim

The Due Process Clause of the Fourteenth Amendment applies to pretrial detainees' claims of inadequate medical care. *Bocchino v. City of Atlantic City*, 179 F. Supp.3d 387, 403 (D.N.J. 2016). In this context, the Fourteenth Amendment incorporates the protections of the Eighth Amendment's "deliberate indifference" standard. *Holder v. Merline*, No. 05-1024, 2005 WL 1522130, at *3 (D.N.J. June 27, 2005) (citing *Simmons v. City of Philadelphia*, 947 F.2d 1042, 1067 (3d Cir. 1991), *cert. denied*, 503 U.S. 985 (1992)). most cases have stated that, at a minimum, the Eighth Amendment's "deliberate indifference" standard will suffice. In other words, government behavior must be so egregious and outrageous that it "shocks the conscience." *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Detention Ctr.*, 372 F.3d 572, 579 (3d Cir. 2004) (citing *County of Sacramento v. Lewis*, 523 U.S. 833, 846-47 (1998)).

In the context of a claim alleging a violation of the right to adequate medical care, a pretrial detainee must allege: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003). Here, the Complaint's non-specific assertions of "pain" and "breathing problems" (DE 1 at 5) are insufficient to meet even a forgiving pleading standard because there are no facts to satisfy either *Estelle* prong.

To satisfy the first prong, an inmate must demonstrate that the medical needs are serious. The Third Circuit has defined a serious medical need as: (1) "one that has been diagnosed by a physician as requiring treatment"; (2) "one that is so obvious that a lay person would recognize the necessity for a doctor's attention"; or (3) one for which "the denial of treatment would result in the unnecessary and wanton infliction of pain" or "a life-long handicap or permanent loss." *Atkinson v. Taylor*, 316 F.3d 257, 272-73 (3d Cir. 2003) (internal quotations and citations omitted). When evaluating this first element under *Estelle*, courts consider factors such as "the severity of the medical problems, the potential for harm if the medical care is denied or delayed and whether any such harm actually resulted from the lack of medical attention." *Maldonado v. Terhune*, 28 F. Supp.2d 284, 289 (D.N.J. 1998).

First, the Complaint is silent with respect to facts relevant to establishing *Estelle*'s "serious condition" element. That is, Plaintiff does not allege that he "(1) has been diagnosed by a physician as requiring treatment"; (2) that the asthma "was so obvious that a lay person would recognize the necessity for a doctor's attention"; or (3) was a condition for which "the denial of treatment would result in the unnecessary and wanton infliction of pain" or "a life-long handicap or permanent loss." *Atkinson*, 316 F.3d at 272-73. Even if I accepted the brief mention of an asthma pump as an indication that Plaintiff has asthma, an asthma diagnosis does not, by itself, indicate a sufficiently serious condition for a medical indifference claim. *Peterson v. Cecot,* 2011 WL 4343842, at *4–5 (N.D.N.Y. Mar. 8, 2011) (collecting cases discussing the difference between being asthmatic and the resulting symptomology); *Ali v. Hogan*, No. 9:12-CV-0104, 2013 WL 5503321, at *4 (N.D.N.Y. Sept. 12, 2013), (holding that an asthma *attack* can constitute a sufficiently serious condition), *report and recommendation adopted*, No. 9:12-CV-0104, 2013 WL 5466302 (N.D.N.Y. Sept. 30, 2013); *Harris v. Anderson,* 2009 WL 1850446 (E.D.Tenn.) (plaintiff had chronic asthma, but it was the acuteness of an "actual asthma attack" that could "amount to a sufficiently serious condition"); *Stoneman v. Thompson,* 2005 WL 3881432 (E.D.Va.) (granting summary judgment because "the record does not indicate that plaintiff's asthma was a serious condition, but instead demonstrates that it was well-controlled without the need for more rigorous monitoring").

The second element of the *Estelle* test is subjective and "requires an inmate to show that prison officials acted with deliberate indifference to his serious medical need." *Holder*, 2005 WL 1522130, at *4 (citing *Natale*, 318 F.3d at 582) (finding deliberate indifference requires proof

4

that the official knew of and disregarded an excessive risk to inmate health or safety). Conduct that constitutes negligence does not rise to the level of deliberate indifference; rather, deliberate indifference is a "reckless disregard of a known risk of harm." *Holder*, 2005 WL 1522130, at *4 (citing *Farmer v. Brennan*, 511 U.S. 825, 836 (1994)). Courts have found deliberate indifference "in situations where there was objective evidence that a plaintiff had serious need for medical care, and prison officials ignored that evidence, and in situations where necessary medical treatment is delayed for non-medical reasons." *Natale*, 318 F.3d at 582. Without the first prong—that is, without a serious medical need—alleging a disregard of that need is difficult.

Though I find that Plaintiff's allegations are insufficient, he could feasibly amend his Complaint to include additional, specific allegations. Accordingly, though I will dismiss the complaint, I will do so without prejudice to amendment.

## III.   CONCLUSION

For the reasons above, Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE. An appropriate order follows.

June 29, 2022

/s/ Kevin McNulty

_____

Kevin McNulty
United States District Judge

5