UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN K. DENNIS, | : |
| Plaintiff, | : |
| v. | : Civ. No. 22-615 (KM) (LDW) |
| OSCAR AVILES, NURSE WINT, | : **OPINION** |
| Defendants. | : |

**KEVIN MCNULTY, U.S.D.J.**

Plaintiff John K. Dennis is a pretrial detainee at Hudson County Jail (the "Jail"). He is proceeding *pro se* with a civil rights complaint brought pursuant to 42 U.S.C. § 1983 against Oscar Aviles and "Nurse Wint" for deliberate indifference to his serious medical needs. I previously granted Dennis leave to proceed *in forma pauperis*, but dismissed his complaint without prejudice upon an initial screening. DE 3 & 4. Dennis has now submitted an amended complaint. DE 5. The amended complaint does not cure the defects in the original complaint, and I therefore will dismiss it, once more without prejudice.

**I.    Background**

I accept the allegations in the amended complaint as true. Dennis arrived at the Jail on December 8, 2021. DE 5-1 at 1. The Jail "was on its strictest lockdown status due to the spread of the COVID-19 deadly virus." *Id.* at 2. Within a week of his arrival, Dennis started developing "the worse flu like symptoms I've ever experienced. My bones hurt so bad, my joints. Even my breathing was affected. My breaths were shorted due to pain I feel when I inhale. This continued

for almost a month."[1] *Id.* at 1. Dennis "complained and complained but to [no] avail" and "even now [his] breathing is not normal." *Id.* at 2.

Dennis contends that "during those days weeks I endured that pain . . . we were only seeing them maybe once a day." *Id*. Dennis does not specify who "them" is, but it appears, based on the remainder of his allegations, that he is likely referring to Jail medical staff. Dennis alleges "Nurse Wint was the regular nurse assigned to do our medication . . . so she's who I saw most." *Id.* Dennis "complained so much it seemed it bothered her. She would give me Motrin or Tylenol as treatment." *Id.* Dennis told Nurse Wint "somethings wrong with my body. I need to see a doctor." *Id.* But she "brushed me off every time with a pill & just go lay down everything will be better soon." *Id.* Dennis alleges that "nothing ever changed. It got worse. For that month all I could do was pray." *Id*.

Dennis "complained so many times I cannot count" to a Sergeant Castro. *Id.* at 3. Specifically, he "complained about why was the system in this jail with dealing with inmates & medical why is it so hard to be seen treated." *Id.* Dennis "asked [Sergeant Castro] who was the Warden's boss. He responded that the Director was capable to run [the] Jail no matter this COVID-19 epidemic and the state strict mandates." *Id.* Dennis asserts that he "would like [the] Jail to treat inmates medical needs serious" and requests damages. *Id*.

## II. DISCUSSION

### A. Standard of Review

The Prison Litigation Reform Act ("PLRA") requires district courts to review complaints in civil actions filed by prisoners, *see* 28 U.S.C. § 1915A(a), and to dismiss any case that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary

---

[1] Quoted language throughout this Opinion is taken *sic* from the original source.

relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b) & 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). To state a claim, the complaint must allege "sufficient factual matter to show that the claim is facially plausible." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation and internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Pro se pleadings, as always, will be liberally construed. *See Rivera v. Monko*, 37 F.4th 909, 914 (3d Cir. 2022). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities

secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. Deliberate Indifference Claim

The Due Process Clause of the Fourteenth Amendment applies to pretrial detainees' claims of inadequate medical care. *Bocchino v. City of Atlantic City*, 179 F. Supp. 3d 387, 403 (D.N.J. 2016). In this context, the Fourteenth Amendment incorporates the protections of the Eighth Amendment's "deliberate indifference" standard. *Holder v. Merline*, No. 05-1024, 2005 WL 1522130, at *3 (D.N.J. June 27, 2005). At any rate, most cases have stated that the Eighth Amendment's "deliberate indifference" standard is a guide, and will suffice.

Government behavior must be so egregious and outrageous that it "shocks the conscience." *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Detention Ctr.*, 372 F.3d 572, 579 (3d Cir. 2004) (citation omitted). In the context of a claim alleging a violation of the right to adequate medical care, a pretrial detainee must allege: (1) a serious medical need; and (2) behavior on the part of prison officials constituting deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003).

As to the first prong, the Third Circuit has defined a serious medical need as (1) "one that has been diagnosed by a physician as requiring treatment"; (2) "one that is so obvious that a lay

person would recognize the necessity for a doctor's attention"; or (3) one for which "the denial of treatment would result in the unnecessary and wanton infliction of pain" or "a life-long handicap or permanent loss." *Atkinson v. Taylor*, 316 F.3d 257, 272–73 (3d Cir. 2003) (internal quotations and citations omitted). Courts consider factors such as "the severity of the medical problems, the potential for harm if the medical care is denied or delayed and whether any such harm actually resulted from the lack of medical attention." *Maldonado v. Terhune*, 28 F. Supp. 2d 284, 289 (D.N.J. 1998).

The second element of the *Estelle* test is subjective and "requires an inmate to show that prison officials acted with deliberate indifference to his serious medical need," i.e., that prison officials knew of, and disregarded, an excessive risk to an inmate's health or safety. *Holder*, 2005 WL 1522130, at *4 (citing *Natale*, 318 F.3d at 582). Negligence does not rise to the level of deliberate indifference; rather, deliberate indifference is a "reckless disregard of a known risk of harm." *Holder*, 2005 WL 1522130, at *4 (citing *Farmer v. Brennan*, 511 U.S. 825, 836 (1994)). Courts have found deliberate indifference "in situations where there was objective evidence that a plaintiff had serious need for medical care, and prison officials ignored that evidence, and in situations where necessary medical treatment is delayed for non-medical reasons." *Natale*, 318 F.3d at 582.

In *Pearson v. Prison Health Service*, 850 F.3d 526 (3d Cir. 2017), the Third Circuit explained that in assessing the deliberate indifference prong:

> there is a critical distinction "between cases where the complaint alleges a complete denial of medical care and those alleging inadequate medical treatment." *United States ex rel. Walker v. Fayette Cty.*, 599 F.2d 573, 575 n.2 (3d Cir. 1979). Because "mere disagreement as to the proper medical treatment" does not "support a claim of an eighth amendment violation," *Monmouth Cty. Corr. Inst. v. Lanzaro*, 834 F.2d 326, 346 (3d. Cir. 1987), when medical care is provided, we presume that the treatment of a prisoner is proper absent evidence that it violates professional standards of care.

5

850 F.3d at 535 (citation omitted).

Here, Dennis essentially alleges (1) he suffered from flu-like symptoms for approximately one month; (2) he may have seen medical staff regularly (if his allegation relating to seeing "them" once a day referred to medical staff), but in any event saw Nurse Wint regularly; and (3) Nurse Wint gave him "Motrin or Tylenol as treatment" and told him to rest. DE 5-1 at 1–2. Dennis does not allege that he sought a COVID-19 test and his request was denied, that he was tested for COVID-19 and received a positive result, or even that he believes he had COVID-19. Indeed, it appears that Dennis was seen regularly by medical staff; he had frequent opportunities to describe his symptoms; and, as treatment, was prescribed medication and told to rest. *Id*.

The Court is sympathetic to Dennis's suffering, but temporary flu-like symptoms, though undoubtedly unpleasant, simply do not rise to the level of a "serious medical need."[2] The conditions that Dennis describes were not life-threatening, are not alleged to have resulted in a life-long handicap or permanent loss, and it is not evident that they caused extreme pain and suffering of the sort required to state a constitutional violation.

---

[2] *See, e.g.*, *Est. of Lillis by & through Lillis v. Correct Care Sols., LLC*, No. 16-03038, 2018 WL 1569752, at *7 (D. Colo. Mar. 30, 2018) ("'flu-like symptoms' do not generally rise to the level of severity necessary to constitute a 'serious medical need.'"); *Kennedy v. Dallas Police Dep't*, 2007 WL 30260, at *4 (N.D. Tex. Jan.4, 2007) ("flu-like symptoms" did not constitute "serious harm" necessary to establish an Eighth Amendment violation); *Liggins v. Barnett*, No. 4-00-cv-90080, 2001 WL 737551, at *6 (S.D. Iowa May 15, 2001) ("The court has found no case in which a plaintiff suffering from flu-like symptoms . . . has been held to have had a serious medical need."); *Schwartz v. Jones*, 2000 WL 1859012, at *3 (E.D. La. Dec. 18, 2000) (failure to provide prisoner with aspirin for flu-like symptoms did not give rise to a federal constitutional claim for denial of medical care); *Ware v. Fairman*, 884 F. Supp. 1201, 1206 (N.D. Ill.1995) (describing flu as "not serious"); *Haberstick v. Nesbitt*, No. 97-6523, at *3, 1998 WL 472447, at *3 (E.D. Pa. Jul. 29, 1998) (flu-like symptoms could not form the basis of a deliberate indifference claim where prisoner presented no evidence that flu was a serious medical need).

But even assuming Dennis's symptoms did rise to the level of a serious medical need, he has not plausibly alleged deliberate indifference. To the contrary, the amended complaint alleges that prison medical staff—Nurse Wint—saw him frequently, provided him with pain medication, and advised him to rest. At most, Dennis alleges a disagreement with this treatment (although he does not explain what additional treatment or tests he thinks he should have received), but mere disagreement is an insufficient basis on which to establish a claim for deliberate indifference. *See Pearson*, 850 F.3d at 535 ("[W]hen medical care is provided, we presume that the treatment of a prisoner is proper absent evidence that it violates professional standards of care."); *Young v. Kazmerski*, 266 F. App'x 191, 194 (3d Cir. 2008) ("[t]he *Estelle* test gives substantial latitude to prison medical authorities to diagnose and treat inmates"); *Monmouth Cty. Corr. Institutional Inmates*, 834 F.2d at 346 ("mere disagreement" as to proper medical treatment does not support a claim for deliberate indifference under the Eighth Amendment). In short, the alleged facts, even assuming they are true, do not support a finding of deliberate indifference to serious medical needs, and Dennis does not present specific allegations that would indicate he received constitutionally deficient medical care. Accordingly, the amended complaint is dismissed.

Though I again find that Dennis's allegations are insufficient, because he is proceeding *pro se*, the dismissal is without prejudice. Dennis will be permitted another opportunity to amend his complaint to include whatever specific allegations he has against the named defendants in accordance with the legal standards outlined above. Dennis is permitted to file a second amended complaint within thirty (30) days of the date of this Opinion and accompanying Order.

### III.     CONCLUSION

For the reasons above, Dennis's amended complaint is dismissed without prejudice. An appropriate order follows.


DATED:  October 12, 2022

                                                 /s/ Kevin McNulty
                                            _____
                                            KEVIN MCNULTY
                                            United States District Judge